## LEACH *v.* CHANDLER and another.

*(Circuit Court, D. Indiana.  July 30, 1885.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—TABLES FOR TILE-MACHINES.

The fourth, fifth, and seventh claims of patent No. 279,259, granted to William F. Leach, on June 12, 1883, for improvement in tables for tile-machines, construed, and *held* not infringed by machines made under patent No. 243,867, issued July 5, 1881, to Elihu Dodds.

In Equity.

*David A. Leach*, for complainant.

*West & Bond* and *Stanton & Scott*, for defendants.

WOODS, J.  The complainant, as owner of letters patent No. 279,259, granted him on June 12, 1883, for improvement in tables for tile-machines, sues the respondents for infringement of claims 4, 5, and 7 of his patent, and for a cancellation of letters patent No. 243,867, issued July 5, 1881, to Elihu Dodds, who assigned to the defendants; the alleged infringing machines having been made by defendants under and in conformity to the Dodds patent.  The bill charges, among other things, that the complainant was in truth the first inventor, and that, in a proceeding of interference, to which the respondents appeared, it was so decided in turn by the examiner, by the examiner in chief, and by the commissioner of patents.  The fourth, fifth, and seventh claims of complainant's patent are of the tenor following:

"(4) In a tile-table, suspended, flexible carriers, II, substantially as herein shown and described, whereby tiles of different forms and sizes will be firmly supported and safely carried, as set forth.

"(5) In a tile-table, the combination, with the bases, E, and the flexible carriers, II, of the suspending springs, G, substantially as herein shown and described, whereby the flexible carriers can adjust themselves more freely to the supported tiles as set forth."

"(7) In a tile-table, the endless chain of flat bases, E, substantially as herein shown and described."

The claim in the Dodds patent reads as follows:

"The combination in a tile machine of the carrier bars and a flexible bridging strap arranged to receive the tile as it comes from the forming dies."

The specifications of complainant's patent contain the following among other statements:

The object of this invention is to provide suitable means for receiving tiles as they come from the tile-mill, and delivering them uninjured to the off-

bearers; and also to provide suitable means for cutting the tiles accurately into proper lengths without stopping the machines. The invention consists in a tile-table, constructed with a frame provided with a series of rollers, around which passes an endless chain of receivers, having downwardly projecting flanges and connected at their forward ends, leaving their rear ends free. With the receivers are connected spring-supported flexible carriers, to adjust themselves to the form of the tile. To each receiver or base, E, are attached one or more springs, G, as the size of the said receiver may require. To the upper ends of the springs, G, are attached the side edges of the carriers, H, which are made of thin sheet-brass, or other suitable material that has sufficient flexibility to allow it to adjust itself to the slope of the tile to be carried, so that tiles of different shapes and sizes can be firmly supported and safely carried by the same carriers. If desired, the carriers, H, can be supported by rigid standards, but I prefer to use the springs, G, as they allow the flexible carriers to come in contact with more of the surface of the tiles, and thus carry them more safely. The carriers, H, can be made of such a length as the length of the tile may require.

It is not found necessary to determine whether the complainant or Dodds was first inventor, because, in view of the prior art, the invention of each, if properly called invention, must, in the judgment of the court, be construed strictly, and when so construed, there is no infringement. The flexible standard, as it seems to the court, constitutes an indispensable part of the complainant's combination. There is, to be sure, a suggestion in the specification that a rigid standard may be used instead; but if that be done, unless it be constructed with a hinge, as shown in the *red model* put in evidence, the chief value of the improvement will be sacrificed, because upon absolutely rigid standards the carriers, made of tin or brass or other material, would have little or no capability of conforming to the shape of tiles of different sizes. Constructed after the red model, or with flexible supports, the complainant's invention would seem to be ingenious, novel, and useful, but with rigid standards it would, in view of the Penfield patent, No. 98,519, and the Brown patent, No. 112,538, (to go no further,) involve no patentable advance over the prior art. It is claimed, with some emphasis, that the invention of the plaintiff consists in, or, at least, embodies the idea of, a series of carriers; but this, if conceded, does not help the case. A no less complete series is shown in the Penfield patent, and, without the flexible standard, it is impossible, as it seems to the court, to find support for any of the plaintiff's claims.

In respect to the seventh claim, it was conceded, upon the argument, that the action cannot be sustained.

Bill dismissed for want of merits.